CECELIA K. FRANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 299. Promulgated December 17, 1943.

*S. Leo Ruslander, Esq.,* for the petitioner.
*Laurence F. Casey, Esq.,* for the respondent.

#### OPINION.

SMITH, *Judge*: This is a proceeding for the redetermination of a deficiency in income tax for 1939 in the amount of $1,002.44. The question in issue is whether the petitioner is taxable upon 50 percent of the net income of the Robert J. Frank trust of 1931 for 1939, or upon only $11,000, the amount actually distributed to her by the trustees, which was less than 50 percent of the total.

The petitioner is a resident of Pittsburgh, Pennsylvania. She filed her income tax return for 1939 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh.

During the year 1939 the petitioner received her entire gross income from the Robert J. Frank trust of 1931. This trust was created by her husband on December 31, 1931. Petitioner's husband created the trust by paying over certain property to Cecelia K. Frank, W. K. Frank, S. J. Anathan, and Frank R. S. Kaplan, as cotrustees. These trustees were to manage the trust and "to collect, recover and receive the interest, income, and dividends upon said securities, moneys and investments" of the trust. Paragraph II of the trust instrument provides in part as follows:

(b) After deducting all expenses incident to the management of the trust * * * [the trustees shall] pay over in convenient installments, at least quarterly, to my wife, CECELIA K. FRANK, fifty (50) percent of the net income of this trust estate, subject, however, to all the provisions hereinafter contained. The balance of said net income, and the whole net income of said trust estate after the death of CECELIA K. FRANK, shall be paid to my children, now living or hereafter born, in equal shares, for and during the full term of their natural lives, subject, however, to all the provisions hereinafter contained.

Paragraph VI of the trust instrument provides:

VI. Anything hereinbefore to the contrary notwithstanding, said Trustees, by majority vote, during the lifetime of Cecelia K. Frank only with her consent, whether or not she be acting as Trustee, shall have the right and power at any time and from time to time, in their own uncontrolled discretion, to make distribution of the principal of this trust, in whole or in part, as well as of any or all undistributed income, to my wife or any of my children, or any of the other benficiaries mentioned in Items II and III above; to vary or change and fix the share of the income and/or principal of, and the manner of paying the same to, any of the beneficiaries (including my wife) hereinbefore mentioned, in such manner as they shall deem right and proper, or to eliminate entirely any of said beneficiaries from participation in the income and/or principal of the trust estate; and to choose beneficiaries, whether they be individuals (excluding therefrom, however, the Donor) or organization, associations, corporations or bodies maintained for religious, charitable, philanthropic, educational or other public uses and purposes, to participate in the income and/or principal of the trust estate at such time or times, for such term or terms, and in such manner, proportions, percentages or amounts as they shall deem right and proper.

Paragraph VII provides in part as follows:

(1) No title in the said trust estate hereby created or in the income accruing therefrom or in its accumulation shall vest in any beneficiary prior to the actual distribution thereof by said Trustees to said beneficiary.

During 1939 the trustees made the following cash distributions of income:

| | |
|---|---|
| Cecelia K. Frank | $11,000 |
| Barbara Ann Frank | 5,000 |
| Joan Betty Frank | 5,000 |
| Allan I. W. Frank | 5,000 |

The respondent determined that 50 percent of the net income of the trust referred to above for 1939 was $18,750.20, that this was distributable income, and that petitioner was taxable upon the entire amount thereof. He therefore found that her gross income for 1939 was $18,750.20 instead of $11,000, the amount reported, and determined the deficiency accordingly, with certain adjustments in the deductions which are not in issue in this proceeding.

The applicable statute is section 162 of the Internal Revenue Code, as amended, which, so far as material. provides:

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or. beneficiary. * * *

It should be noted that we are dealing here not with a discretionary trust such as was considered in *Plimpton* v. *Commissioner* (C. C. A., 1st Cir.), 135 Fed. (2d) 482, but with one where the trustees were required to distribute 50 percent of the net income of the trust to the petitioner unless she consented to receive a smaller amount. Whether she would receive a lesser amount in any year was entirely within her control. In *Freuler* v. *Helvering*, 291 U. S. 35, the Court stated, in determining the applicability of section 219 (a) and (d) of the Revenue Act of 1921, that:

* * * For the purpose of imposing the tax the act regards ownership, the right of property in the beneficiary, as equivalent to physical possession. The test of taxability of the beneficiary is not receipt of income, but the present right to receive it. * * *

In *Lelia W. Stokes*, 28 B. T. A. 1245, the trustee was directed to "pay income to such person or persons, or for such use or uses as Lelia W. Stokes, may in writing from time to time direct." Certain income was distributed to charity and the balance retained by the trustees. The Board, noting that the income was subject to taxpayer's command at all times, sustained the Commissioner's determination that such income was currently distributable and taxable to the taxpayer. Cf. *Harrison* v. *Schaffner*, 312 U. S. 579; *Helvering* v. *Horst*, 311 U. S. 112; *Helvering* v. *Eubank*, 311 U. S. 122.

Since under the literal terms of the trust instrument the petitioner was entitled to receive one-half of the net income of the trust unless she consented to receive less, we are of the opinion that the respondent did not err in taxing to her 50 percent of the net income.

*Decision will be entered under Rule 50.*